UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT M.,[1] | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02334-JMS-MJD |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of the | ) | |
| Social Security Administration,[2] | ) | |
| | ) | |
| *Defendant*. | ) | |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Robert M. filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") from the Social Security Administration ("SSA") on May 3, 2018 and May 10, 2018, alleging an onset date of April 3, 2018. [Filing No. 13-2 at 39; Filing No. 13-5 at 4.] His applications were initially denied on July 23, 2018, [Filing No. 13-3 at 62], and upon reconsideration on December 18, 2018, [Filing No. 13-3 at 98]. Administrative Law Judge Latanya White Richards ("the ALJ") conducted a hearing on September 6, 2019, [Filing No. 13-4 at 66], before issuing a decision on September 30, 2019, in which she concluded that Robert M. was not entitled to receive benefits, [Filing No. 13-2 at 34]. The Appeals Council denied review

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] According to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

on September 30, 2019.  [Filing No. 13-4 at 95.]  Robert M. timely filed this civil action asking

the Court to review the denial of benefits according to 42 U.S.C. § 405(g).  [Filing No. 1.]

## I.
### STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot

obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151

(2019).  Disability is the inability "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death,

or which has lasted or can be expected to last for a continuous period of not less than twelve

months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. §

423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to

ensuring that the ALJ applied the correct legal standards, and that substantial evidence exists for

the ALJ's decision. *Stephens*, 888 F.3d at 327.  "[S]ubstantial evidence" is such relevant "evidence

that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d

597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154).  "Although this Court reviews the

record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the

facts or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888

F.3d at 327.  Reviewing courts also "do not decide questions of credibility, deferring instead to the

ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*,

864 F.3d 523, 528 (7th Cir. 2017)).  The Court does "determine whether the ALJ built an 'accurate

and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641

(7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[3]  "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled.  If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.*  The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

---

[3] The Code of Federal Regulations contains separate, parallel sections concerning DIB and SSI, which are identical in most respects.  Cases may reference the section pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520.  227 F.3d at 868.  Generally, a verbatim section exists establishing the same legal point with both types of benefits.  *See, e.g.*, 20 C.F.R. § 416.920. The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## II.
### BACKGROUND

Robert M. was 51 years old on the alleged onset date.[4] [*See* Filing No. 13-2 at 44.] He holds a high school diploma, [Filing No. 13-2 at 56], and previously worked as a stock worker/store laborer, cable installer, and delivery driver, [Filing No. 13-2 at 44].[5] The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Robert M. was not disabled. [Filing No. 13-2 at 45.] Specifically, the ALJ found as follows:

- At Step One, Robert M. had not engaged in substantial gainful activity[6] since April 3, 2018, the alleged onset date. [Filing No. 13-2 at 38.]

- At Step Two, Robert M. has "the following severe impairments: coronary artery disease, a history of a heart attack, infrarenal abdominal aortic aneurysm status post endovascular repair, a lumbar spine disorder, chronic obstructive pulmonary disease, depression, and a panic disorder." [Filing No. 13-2 at 38, 39.]

---

[4] The ALJ determined that Robert M. met the insured status requirements of the Social Security Act through December 31, 2022. [Filing No. 13-2 at 38.]

[5] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[6] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 13-2 at 39.]

- After Step Three but before Step Four, Robert M. had the RFC to perform "light work as defined in 20 CFR 404.1567(a) and 416.967(a) except [he] can occasionally stoop, kneel, crawl, crouch, and climb ramps and stairs. He is precluded from climbing ladders, ropes, or scaffolds. He must avoid exposure to unprotected heights and hazardous machinery. He can never work in poorly ventilated areas and can tolerate no more than occasional exposure to extreme heat, cold, humidity and atmospheric conditions, as defined in the Selected Characteristics of Occupations. He can have occasional interaction with co-workers, supervisors, and the general public." [Filing No. 13-2 at 40.]

- At Step Four, Robert M. is unable to perform any past relevant work, including past relevant work as a stock worker/store laborer, cable installer, and delivery driver. [Filing No. 13-2 at 44.]

- At Step Five, relying on the testimony of the vocational expert ("VE") and considering Robert M.'s age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed in representative occupations such as a sorter, inspector/sorter, and assembler. [Filing No. 13-2 at 45.]

## III.
### DISCUSSION

Robert M. argues that the ALJ: (1) did not build a logical bridge to the conclusion that Robert M. could sustain light work and thus was capable of standing and walking for six hours in an eight-hour workday; (2) incorrectly determined that Robert M.'s subjective complaints were not consistent with the record; and (3) failed to address psychological limitations, including his ability to interact with others and persist at tasks, despite evidence supporting those limitations. [Filing No. 15.] Because the Court has determined that the first issue requires remand, it will begin with discussing that issue.

### A.   The ALJ's Evaluation of Robert M.'s Capacity to Sustain Light Work

Robert M. argues that the "ALJ did not make any attempt to reconcile the significant cardiac history and ongoing chest pain, palpitations, and shortness of breath with the conclusion

that Robert M. could stand and walk for six hours in an eight-hour workday." [Filing No. 16 at 13.]

In response, the Commissioner argues that Robert M. "ignores the ALJ's point that, despite his complaints . . . his physical examination findings were normal." [Filing No. 16 at 10.]  In support, the Commissioner notes that "[Robert M.'s] treating cardiology specialists consistently documented normal examination findings and described Plaintiff's symptoms as intermittent and mild." [Filing No. 16 at 10.]  Accordingly, the Commissioner argues, "[a] claimant cannot prove disability simply by pointing to a series of demands for treatment that turn out to be unremarkable." [Filing No. 16 at 10.]

Robert M. replies that "the ALJ did not build a logical bridge to the conclusion that [Robert M.] could stand and walk for six hours in an eight-hour workday." [Filing No. 18 at 4.]  "The ALJ did not explain how [Robert M.] could perform at this level with his ongoing chest pain, palpitations, and shortness of breath." [Filing No. 18 at 4.]

The Court's role is to determine whether the ALJ applied the right standards and reached a decision supported by substantial evidence. *Jeske v. Saul,* 955 F.3d 583, 596 (7th Cir. 2020). Substantial evidence is relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).  The Court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Estok v. Apfel,* 152 F.3d 636, 638 (7th Cir. 1998).

An ALJ must "build an accurate and logical bridge from the evidence to [the] conclusion so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review.'" *Giles v. Astrue,* 483 F.3d 483, 487 (7th Cir. 2007) (internal

quotations omitted); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").  Where the ALJ's decision lacks evidentiary support or fails to mention highly pertinent evidence, the case must be remanded.  *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir.2002); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir.2009) (per curiam).

The RFC assessment must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis."  SSR 96-8p.  This includes a requirement for the ALJ to address the claimant's exertional and non-exertional capacities.  *Id.*  It is only after the ALJ has made this assessment that an RFC may be expressed in terms of the exertional levels of work -- sedentary, light, medium, heavy, and very heavy.  *Id.*  Exertional capacity describes the claimant's remaining abilities "to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling." *Jeske,* 955 F.3d at 595–96.  Each function must be considered separately.  SSR 96-8p.  Otherwise, the ALJ could "overlook . . . some of an individual's limitations or restrictions."  SSR 96-8p.

However, the Seventh Circuit Court of Appeals has recognized that "a decision lacking a seven-part function-by-function written account of the claimant's exertional capacity does not necessarily require remand." *Jeske*, 955 F.3d at 596.  Provided that the ALJ's discussion shows that the ALJ considered all strength-demand functional limitations in arriving at a conclusion supported by substantial evidence, the court need not remand for clearer explanation.  *Id.*

The RFC assessment "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).  The RFC is based upon

medical evidence as well as other evidence, such as testimony by the claimant or his friends and family. *Craft,* 539 F.3d at 676; *see also* 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all relevant evidence in your case record."); SSR 96-8P at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.").

In the present case, the ALJ determined that Robert M. had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). [Filing No. 13-2 at 40.] Among other things, light work "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). The full range of light work requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). Despite reaching this conclusion, the ALJ made no determination regarding Robert M.'s capacity to stand or walk for a sustained period of time. [Filing No. 13-2.] This was error.

The ALJ summarily concluded that Robert M.'s "back pain, need to change positions, dizziness, and shortness of breath" were inconsistent with the record and "not preclusive of light work." [Filing No. 13-2 at 42.] When evaluating an individual's symptoms, it is not sufficient for an ALJ to make a single, conclusory statement that the individual's symptoms are (or are not) supported by the record. SSR 13-3P. Here, the ALJ did not clearly articulate her analysis. Furthermore, she made no determination one way or the other regarding Robert M.'s functional capacity, including for sustained standing and walking as required in order to be able to perform light work. [Filing No. 13-2 at 42.]

Additionally, the ALJ found that Robert M.'s capacity to complete daily living activities such as "carrying groceries, riding a bike, doing outside activities, and working in his garage" was indicative that "his impairments" do not preclude him from performing light work. [Filing No. 13-2 at 43.] However, the ALJ did not provide an explanation of how these activities translate into an ability to maintain substantial gainful activity. *See Spiva v. Astrue*, 628 F.3d 346, 352 (7th Cir. 2010); *Gentle v. Barnhart,* 430 F.3d 865, 867–68 (7th Cir. 2005). Moreover, it is not implicit how Robert M.'s ability care for his personal hygiene or to go to the grocery store every "once in a while" informs the level of his exertional capacity. *Gentle*, 430 F.3d at 867 ("The administrative law judge's casual equating of household work to work in the labor market cannot stand.")

The ALJ's lack of explanation regarding her conclusion is compounded by contrary non-medical evidence in the record. *Denton v. Astrue,* 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). While the ALJ points to Robert M.'s function reports in the RFC, she ignores testimony from Robert M.'s wife – including, for example, that Robert M. could walk for "maybe 100 feet" before he would need to rest until his breathing returned to normal. [Filing No. 13-6 at 22]. The ALJ may not dismiss evidence contrary to the ALJ's determination without reasonably explaining why. *Villano*, 556 F.3d at 563.

The Court finds that the ALJ must make a specific assessment about Robert M.'s exertional capacity in determining an appropriate RFC. A generalized finding that Robert M. is "limited, but not to the degree alleged" is insufficient to build a logical bridge from the evidence to the conclusions reached in the RFC. In light of this error, the Court must remand this case for further consideration. *Steele,* 290 F.3d at 940.

### B. Additional Issues

Robert M. raises two additional issues: (1) that the ALJ incorrectly determined that Robert M.'s subjective complaints were not consistent with the record, and (2) that the ALJ failed to address psychological limitations, including his ability to interact with others and persist at tasks, despite evidence supporting such limitations.  [Filing No. 15.]  The Court need not resolve these issues because it finds that the issue discussed above is dispositive.  Nevertheless, on remand, the ALJ should take care to fulfill her obligation to build a logical bridge from the evidence to the conclusion.  *See, e.g., Blakes ex rel. Wolfe v. Barnhart,* 331 F.3d 565, 570 (7th Cir. 2003).

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying Robert M.'s benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) as detailed above.  Final Judgment shall enter accordingly.

Date: 9/21/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**